```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
NML CAPITAL, LTD.,             :
                               :
                   Plaintiff,  :      08 Civ. 2541 (TPG)
                               :
         – against –           :      OPINION
                               :
THE REPUBLIC OF ARGENTINA,     :
                               :
                   Defendant.  :
                               :
------------------------------------x
```

Plaintiff is the beneficial owner of certain indebtedness issued by defendant, the Republic of Argentina, on which the Republic defaulted in December 2001. Plaintiff now moves for summary judgment. The Republic responds that plaintiff "has improperly redacted purchase price information from the proof offered in support of the motion," and therefore that "the Republic reserves its rights and preserves for appeal all objections to the deficiencies" in this proof.

The motion for summary judgment is granted.

## Background

The bond indebtedness at issue is governed by a Fiscal Agency Agreement dated October 19, 1994 (the "1994 FAA"). The 1994 FAA is the same agreement that governed the bond indebtedness on which this court granted summary judgment to the plaintiffs in Lightwater Corp. Ltd. v. Republic of Argentina, No. 02 Civ. 3804, 2003 WL 1878420

(S.D.N.Y. Apr. 14, 2003). Section 22 of the 1994 FAA states that the Republic waives sovereign immunity and consents to jurisdiction in any state or federal court in the borough of Manhattan in the City of New York. The 1994 FAA also provides that the Republic's obligations on the bonds are unconditional and that failure to make any payment of principal or interest for 30 days after the applicable payment date constitutes an event of default. A declaration by the Republic of a moratorium on the payment of principal or interest on its public external indebtedness is an event of default as well. Paragraph 12 of the FAA provides for acceleration of principal if there is a failure to pay interest or a moratorium. If either of these events occurs, "each holder of Securities and such Series may by such notice in writing declare the principal amount of Securities of such Series held by it to be due and payable immediately."

On December 24, 2001, the Republic declared a moratorium on payments of principal and interest on the external debt of the Republic. The court refers to its previous opinions for a description of the circumstances of these defaults. Lightwater, 2003 WL 1878420, at *2; Applestein v. Republic of Argentina, No. 02 Civ. 1773, 2003 WL 1990206, at *1 (S.D.N.Y. Apr. 29, 2003). On February 28, 2008, plaintiff sent a notice to Bankers Trust Company, the Fiscal Agent of the Republic, declaring the principal amounts of the debt securities held by plaintiff to be immediately due and payable.

The bonds that are the subject of this action, and the amounts of the beneficial interests owned by plaintiff, are listed in the following table.[1]

Table 1

| Plaintiff Bond Holder or Beneficial Owner: | NML Capital Limited |
|---|---|
| Face Value: | U.S. $16,719,628.00 |
| ISIN No.: | CUSIP No. 040114GG9 |
| Date of Issuance: | Not provided |
| Date of Maturity: | Not provided |
| Interest Rate/Payable: | 12.25% |
| Date of Purchase: | October 4, 2007 |
| Acceleration: | Notice sent on February 28, 2008 |
| Contract Documents: (FAA; FRB; Indenture; Offering Prospectus; Certificates, etc.) | FAA dated October 19, 1994 |
| Evidence of Ownership Proffered: (Account Statements; Letters; Notarized Statements, etc.) | Account statements from JP Morgan dated October 8, 2007 and July 24, 2008 |

---

[1] The court notes the distinction between bonds and beneficial interests. In some previous opinions, the court has simply referred to the plaintiffs as owners of "bonds," when in fact plaintiffs are technically owners of "beneficial interests in bonds." The Republic actually issues "a bond" to a depository. The depository, in some form, issues "participations" to brokers, who sell "beneficial interests" to purchasers. These beneficial interests are identified by reference to the underlying bond (CUSIP or ISIN number or both; date of issuance and maturity; rate of interest) and the principal amount of the beneficial interest. This distinction is discussed more fully in Million Air Corp. v. Republic of Argentina, No. 04 Civ. 1048, 2005 WL 256126 (S.D.N.Y. Oct. 17, 2005).

## Discussion

This Court has already granted summary judgment in other cases to plaintiffs seeking to collect on the Republic's defaulted bonds issued under the 1994 FAA. See Mazzini v. Republic of Argentina, No. 03 Civ. 8120, 2005 WL 743090 (S.D.N.Y. Mar. 31, 2005). Only certain issues need to be discussed in connection with the present motion.

Standing and Proof of Ownership

In the two opinions in Fontana v. Republic of Argentina, 415 F.3d 238 (2d Cir. 2005), and Applestein v. Province of Buenos Aires, 415 F.3d 242 (2d Cir. 2005), the Second Circuit has held that an owner of a beneficial interest, such as plaintiffs here, must receive authorization from the registered holder of the bond before it may sue, but that such authorization may be granted subsequent to the filing of a lawsuit. Alternatively, the Republic may waive the authorization requirement.

The Republic has agreed to waive objections based on lack of authorization where the court makes a finding of current ownership. See Transcript, March 28, 2006, Cilli v. Republic of Argentina (04 Civ. 6594).

Here, plaintiff has adequately demonstrated through account statements from JP Morgan that it owned the beneficial interests as of July 2008. There is no evidence of any change of ownership thereafter.

## Conclusion

The motion for summary judgment is granted. Judgment will be entered for the principal amounts of the bonds plus accrued interest.

The parties shall consult with one another concerning the form of the judgment and the amounts of interest that should be awarded in the judgment. If the parties are able to reach agreement on those subjects, they shall jointly submit an agreed proposed judgment to the court. If the parties are unable to reach agreement on those subjects, plaintiff shall submit a proposed judgment to the court, and the Republic shall submit any objections to the proposed judgment within five business days thereafter. The court will then resolve any remaining disagreements. Proposed judgments submitted to the court should include the following language: "It is further ORDERED that, until further notice from the Court, plaintiff(s) must refrain from selling or otherwise transferring their beneficial interest in the bond(s) involved in this action without advising the Court in advance and obtaining permission of the Court."

SO ORDERED.

Dated: New York, New York
       March 3, 2009

                                         _____
                                         Thomas P. Griesa
                                         U.S.D.J.